1  Mathew K. Higbee, Esq., SBN 241380
   Ryan E. Carreon, Esq. SBN 311668
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
    (714) 617-8336
4  714) 597-6559 facsimile
   nhigbee@higbeeassociates.com
5  carreon@higbeeassociates.com

6  *Attorneys for Plaintiffs,*
   JEFFERY R. WERNER

7
   MANDOUR & ASSOCIATES, APC
8  JOSEPH A. MANDOUR, III (SBN 188896)
   Email: jmandour@mandourlaw.com
9  BEN T. LILA (SBN 246808)
   Email: blila@mandourlaw.com
10 8605 Santa Monica Blvd., Suite 1500
   Los Angeles, CA 90069
11 Telephone: (858) 487-9300

12 *Attorneys for Defendants,*
   VIBEY.COM, LLC and
13 RUCKUS VENTURES, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFERY R. WERNER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VIBEY.COM, LLC; RUCKUS VENTURES, LLC; Z LIFESTYLE, LLC; and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | Case No. 3:20-cv-01655-LAB-KSC<br><br>**RULE 26(f) REPORT AND JOINT CASE MANAGEMENT STATEMENT**<br><br>Early Neutral Evaluation Conference:<br>December 1, 2020<br>Time: 2:00 PM |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's May 19, 2020 Notice and Order Setting Telephonic Early Neutral Evaluation Conference and Case Management Conference Via Videoconference (Doc. No. 11), the Parties hereby jointly submit their Rule 26(f) Report and Joint Case Management Statement. The Parties have conferred regarding this case by phone on or about November 10, 2020 in addition to email as required.

1. **Jurisdiction and Service:**

The court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) where Plaintiff has alleged a claim for copyright infringement arising under 17 U.S.C. § 101. No issues regarding personal jurisdiction or venue exist. No additional parties remain to be served, however Defendant Z Lifestyle, LLC has yet to make an appearance.

2. **Facts:**

   a. *Plaintiff's Statement*

Plaintiff Jeffrey R. Werner ("Werner") is a professional photographer with 35 years of experience. work has appeared in publications such as *Life, Time, Newsweek, People, Marie Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse*, and many others. Werner is well known for his work with exotic animals, sideshow eccentricities, and people who have overcome incredible obstacles.

Werner is the author and rights holder to three photographs of Sydney Smith, a woman who wears a set of brass rings around her neck in order to deliberately stretch it to look like a giraffe ("Giraffe Woman Photographs"), one photograph of Stacy Herald, the world's smallest mom ("Smallest Mom Photograph"), and nine photographs of Bruce Campbell, a former electrical engineer who turned a Boeing 727 into a home in woods of Oregon ("Airplane Home Photographs").

Werner has registered his Photographs with the United States Copyright Office. All of Werner's Photographs are distributed with the prominent water mark "© Incredible Features" indicating that they are protected by copyright and licensed through Werner's syndication agency Incredible Features.

Launched in 2013 by Defendant Z Lifestyle, LLC ("Z Lifestyle") the website www.worldlifestyle.com ("WorldLifestyle") is the self described "premier digital media platform, connecting audiences to the most shareable content around the globe ... with over 50 million loyal readers each month."

In May of 2020, Defendant Z Lifestyle sold WorldLifestyle to Defendant Vibey.com, LLC ("Vibey"). Also launched in 2013, the website www.funnyand.com ("FunnyAnd") is owned and operated by Defendant Ruckus Ventures, LLC ("Ruckus Ventures").

WorldLifestyle and FunnyAnd primarily consist of content colloquially known as "clickbait." As the name implies, "clickbait" is generally defined as content whose main purpose is to attract attention and encourage Internet users to click on a link to a particular web page thereby maximizing revenue for the website owner from advertisers who pay for unique visitor impressions. "Clickbait" is generally produced with minimal effort, especially at the expense of quality or accuracy, by relying on misappropriated and unoriginal content coupled with sensationalist headlines.

WorldLifestyle and FunnyAnd are monetized through paid banner advertisements.

In June and July of 2018, Z Lifestyle posted a series of articles on WorldLifestyle displaying unauthorized copies of Werner's Photographs. Each of the Giraffe Woman Photographs as used on WorldLifestyle featured a prominent watermark on the bottom right corner stating "© Incredible Features" indicating that the Giraffe Woman Photographs were protected by copyright and distributed through Werner's syndication agency Incredible Features.

The Smallest Mom Photograph and Airplane Home Photographs as they appeared on WorldLifestyle did not contain Werner's "© Incredible Features" watermark. Werner is informed and believes that Z Lifestyle intentionally cropped off the watermark from the Smallest Mom Photograph and Airplane Home Photographs before uploading them to WorldLifestyle in order to conceal its infringing conduct.

In October of 2018, an article appeared on FunnyAnd titled "Man Turns Old Airplane Into Dream House. Wait Until You See His Shower" and featuring

unauthorized copies of Werner's Airplane Home Photographs. Each of the Airplane Home Photographs that appeared on FunnyAnd were credited to WorldLifestyle. Werner is informed and believes that the use of the unauthorized Airplane Home Photographs on FunnyAnd is a direct and proximate result of the unauthorized use of the Airplane Home Photographs on WorldLifestyle.

Neither Werner nor Incredible Features have any record of issuing a license to any Defendant or otherwise granting permission for any Defendant to use any of the Photographs on WorldLifestyle or FunnyAnd.

As of the date of this report, Defendant's Ruckus Ventures and Vibey.com, LLC have made appearances in this case, but Defendant Z Lifestyle has not yet made an appearance.

### b. *Defendants' Statement*

Mr. Werner is a serial plaintiff that has filed over a dozen similar U.S. District Court cases against websites concerning the alleged copyright photographs with the apparent intent of leveraging settlement with a theoretical claim of statutory damages and attorneys' fees under the Copyright Act.

Defendants assert that use of the alleged copyrighted images constitutes non-infringing fair use. In particular, transformative use of a work is likely to constitute fair use. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994). In particular, the accused use was in conjunction with a news article. Moreover, the alleged copyrighted works solely comprise images and thus this also weighs in favor of fair use. "[T]he scope of fair use is greater when informational type works, as opposed to more creative products, are involved." *Universal City Studios, Inc. v. Sony Corp.*, 659 F.2d 963, 972 (9th Cir. 1981). Defendants' news article is an informational type work so this weighs heavily in favor of fair use. Defendants are further entitled to seek recovery of its attorneys' fees as a prevailing party under 17 U.S.C. § 505. *See e.g. Fleming v. Miles*, 181 F. Supp. 2d 1143, 1160 (D. Or. 2001); *see also* 4 Nimmer on Copyright § 14.10.

3. **Legal Issues:**

    a. Whether Defendants are liable for copyright infringement under 17 U.S.C. § 501(a);

    b. Whether any of Defendants' affirmative defenses are viable; and

    c. What measure of damages are due given that Plaintiff seeks statutory damages under 17 U.S.C. § 504(c).

4. **Motions:**

No motions have been filed as yet. Plaintiff anticipates filing a motion for summary judgment as to liability and a motion for default judgment against Defendant Z Lifestyle, LLC. Defendants anticipate a motion for summary adjudication with regard to plaintiff's willfulness allegation.

5. **Amendment of Pleadings**

Plaintiff does not anticipate adding any additional parties at this time. The parties propose March 1, 2021 as the deadline to amend the pleadings.

6. **Evidence Preservation**

The parties have reviewed the checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI"), and have met and conferred fully regarding the preservation and discovery of ESI. All electronic files are to be produced in their native format as kept in the ordinary course of business, along with any program used to open those files. Metadata shall not be removed from any file prior to production. If any electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized (also known as "OCR"-ed) portable document format (PDF), accompanied by a declaration from counsel explaining the reason the electronic file could not be produced in its native format.

7. **Disclosures**

The parties have yet to exchange Initial Disclosures in accordance with Fed.

R. Civ. P. 26(a)(1), but anticipate full and timely compliance by the Court's designated deadline.

**8.      Discovery:**

No discovery has been conducted by the parties as yet. The parties propose the following with regard to discovery.

   **a.  *Scope and Subjects of Discovery***

- Plaintiff's Subjects on Which Discovery May Be Needed. Without prejudice to its rights to seek discovery on any relevant issues, Plaintiff contemplates that it will need and seek discovery concerning: all evidentiary support from Defendants and any relevant non-party regarding Plaintiff's liability claims.

- Defendants' Subjects on Which Discovery May Be Needed. Without prejudice to their rights to seek discovery on any relevant issues, Defendants contemplate that they will need and seek discovery concerning: all evidentiary support from Plaintiff, Co-defendants, and non-parties regarding Plaintiff's claims and Defendants' defenses.

- Agreed Upon Methods of Discovery. The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of "person(s) most knowledgeable" under Rule 30(b)(6), and other relevant witnesses.

   **b.  *Discovery Completion Dates***

- Supplementations – Supplementations under Fed. R. Civ. Proc. 26(e) are due in a reasonable time after material, relevant facts are learned, or by court order.

- Discovery Cut-Off – All fact discovery shall be completed by all parties on or before July 1, 2021.

c. ***Procedures for Resolving Disputes Regarding Claims of Privilege***

- The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The parties request that this proposed procedure be adopted within the court's further orders.

d. ***Changes in Discovery Limitations***

- The parties do not request any changes in the discovery limitations set forth in the FRCP.

9. **Related Cases:**

There are no related cases pending in state or federal court.

10. **Relief:**

b. For finding that Defendants infringed Plaintiff's copyright interest in the Photographs by copying and displaying without a license of consent;

c. For an award of actual damages and disgorgement of all Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount up to $150,000.00 for each infringement, if infringement is found to be willful, pursuant to 17 U.S.C. § 504(c), whichever is larger;

d. For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

e. For costs of litigation and reasonable attorney's fees for the prevailing party(s) pursuant to 17 U.S.C. § 505;

f. For pre-judgment interest as permitted by law; and

g. For any other relief the Court deems just and proper.

11. **Consent to Magistrate Judge for all Purposes:**

The parties do not consent to Magistrate Judge jurisdiction for all purposes.

12. **Other References:**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

13. **Narrowing of Issues:**

The parties do not believe this case would benefit from bifurcation of the issues.

14. **Scheduling:**

- Motions for joinder of parties and amendments to the pleadings shall be filed on or before March 1, 2021;
- All discovery shall be concluded on or before July 1, 2021;
- Expert designations shall be exchanged on or before April 1, 2021;
- Export reports shall be exchanged on or before May 3, 2021;
- Rebuttal expert reports shall be due no later than May 24, 2021;
- Expert witness depositions shall be concluded on or before July 1, 2021;
- All dispositive motions shall be filed by August 6, 2021;
- A pretrial conference shall occur on September 13, 2021;
- Trial shall be held on September 27, 2021.

15. **Trial:**

Plaintiff has not requested a jury trial, but Defendant has requested a jury trial. The parties anticipate that the trial shall last about three to five days.

16. **Disclosure of Non-Party Interested Entities or Persons:**

As required by Civ. L.R. 40.2, Plaintiff filed its Notice of Party with Financial Interest on or about August 25, 2020 and Defendants filed their Notice of Party with Financial Interest on or about October 8, 2020.

17. **Professional Conduct:**

All attorneys listed for both parties have reviewed Civ. L.R. 2.1 and agree to abide by the Court's Code of Conduct.

**18.** **Class Actions:**

The parties do not anticipate certifying this as a class action.

**19.** **Patent Cases:**

The Patent Local Rules are not applicable to this matter as this is not a patent case.

**20.** **Other Matters:**

There are no other matters particular to this case, including discovery, which deserves the special attention of the Court at the conference at this time.

[SIGNATURES ON NEXT PAGE]

Respectfully submitted,

Dated: November 20, 2020            HIGBEE & ASSOCIATES


                                    By: */s/ Ryan E. Carreon*
                                        Ryan E. Carreon
                                        *Attorney for Plaintiff*
                                        JEFFREY R. WERNER


Dated: November 20, 2020            MANDOUR & ASSOCIATES


                                    By: */s/ Ben T. Lila*
                                        Ben T. Lila
                                        *Attorney for Defendants*
                                        VIBEY.COM, LLC and
                                        RUCKUS VENTURES, LLC